UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNIVERSAL PROTECTION SERVICE, LLC D/B/A ALLIED UNIVERSAL SECURITY SERVICES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED SECURITY, INC.; MATTHEW LOFARO; and ERNEST SPAZIANO,<br><br>        Defendants. | Case No.: 1:24-cv-00292-MSM-PAS |

**TEMPORARY RESTRAINING ORDER AND ORDER ON EXPEDITED DISCOVERY**

      Plaintiff, Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Plaintiff" or "Allied Universal"), having moved this Court for entry of a temporary restraining order ("TRO") against Defendants Matthew Lofaro ("Lofaro"), Ernest Spaziano ("Spaziano"), and United Security, Inc. ("USI") (collectively "Defendants") consistent with Fed. R. Civ. P. 65; and

      The Court having read and considered said Motion, the legal arguments and sworn statements in support thereof and in opposition thereto, and all other pleadings, papers, and materials in the record; and

      The Court having heard, after notice to Defendants, the arguments of the parties and/or their counsel; and

      The Court having determined that Allied Universal has met the standard for issuance of a TRO as set forth herein.

      IT IS HEREBY ORDERED this <u>20th</u> day of <u>August</u> 2024, as follows:

      1.    Plaintiff Allied Universal's Motion for a Temporary Restraining Order is

GRANTED in part.

    2.    Defendant Lofaro, and anyone acting in active concert with him, is enjoined from:

        a) Soliciting Allied Universal's employees to leave their employment with Allied Universal;

        b) Soliciting any customers with whom Lofaro had material contact during the last twelve months of his employment with Allied Universal (a "Lofaro Restricted Customer") to cease doing business with Allied Universal. For the purposes of clarity, for purposes of this Order, Lofaro Restricted Customers include, but are not limited to, Rhode Island State Psychiatric Hospital, Eleanor Slater Hospital, Rhode Island Department of Transportation, and Lifespan Hospitals;

        c) Selling, providing, managing, or supervising USI's providing of security-related services to any Lofaro Restricted Customer; and

        d) Using, divulging, or disclosing any of Allied Universal's confidential information in his possession, custody, or control.

    3.    Defendant Spaziano, and anyone acting in active concert with him, is enjoined from:

        a) Soliciting Allied Universal's employees to leave their employment with Allied Universal;

        b) Soliciting any customers with whom Spaziano had material contact during the last twelve months of his employment with Allied Universal (a "Spaziano Restricted Customer)" to cease doing business with Allied Universal. For the purposes of clarity, Spaziano Restricted Customers include, but are not limited to, Lifespan Hospitals but do not include State of Rhode Island Accounts;

      c) Selling, providing, managing, or supervising USI's providing of security-related services to any Spaziano Restricted Customer; and

      d) Using, divulging, or disclosing any of Plaintiff's confidential information in his possession, custody, or control.

4.    Defendant USI is enjoined from permitting, causing, or otherwise employing Lofaro or Spaziano in such a manner as would cause them to violate the terms of the injunction.

5.    Nothing herein prohibits USI and Spaziano from servicing existing contracts with Rhode Island State Psychiatric Hospital, Eleanor Slater Hospital, or the Rhode Island Department of Transportation, provided they otherwise comply with Paragraph 3 of this Order.

6.    The Parties may conduct expedited discovery for purposes of the scheduled hearing on Plaintiff's Motion for a Preliminary Injunction. The Parties agree to exchange initial disclosures on or before August 16, 2024. In connection with such expedited discovery, the Parties shall be permitted to:

      a) Notice, schedule, and take depositions of parties and non-parties in this matter upon fourteen (14) calendar days' notice, as the Parties deem necessary. Any deposition taken pursuant to this paragraph shall not preclude any party from re-convening the deposition of the same deponent after the Hearing. All deposition session times for each individual deponent will be combined for purposes of determining the time limitations for that deponent as set forth under Fed. R. Civ. P. 30(d).

      b) Serve requests for admissions, requests for production of documents, and/or interrogatories, and any responses and/or objections to such discovery requests shall be due no later than fourteen (14) calendar days after service of such

      discovery requests.

      c) Subpoena documents or records from nonparties.

      d) Serve written discovery, deposition notices, and any other discovery material by electronic mail, and the party serving such material shall be deemed to have effectuated service in accordance with applicable federal and local rules on the day such material is sent, so long as the material is sent no later than 5:00 pm Eastern time.

7. The parties agree that this Order is compliant with Fed. R. Civ. P. 65.

8. This Order shall become effective upon its entry on the docket. The parties agree that no security is necessary.

9. This Order shall remain in place until such time as the Court rules on Plaintiff's Motion for a Preliminary Injunction.

*[signature: Mary S. McElroy]*
_____
Honorable Judge Mary S. McElroy
United States District Judge